UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-4474(DSD/FLN)


BHGDN, LLC,

                Plaintiff,

v.                                              **ORDER**

State of Minnesota and the
Honorable Gene Hugoson,
Commissioner of Agriculture,
and Steve Ernest, in their
Official and Individual Capacities,

                Defendants.


        Norman J. Baer, Esq., Mark D. Wisser, Esq., Steven M.
        Pincus, Esq. and Anthony, Ostlund, Baer, Louwagie & Ross,
        90 South Seventh Street, Suite 3600, Minneapolis, MN
        55402, counsel for plaintiff.

        Kimberly J. Middendorf, Assistant Attorney General,
        Nathan J. Hartshorn, Assistant Attorney General, 445
        Minnesota Street, St. Paul, MN 55101, counsel for
        defendants.



        This matter is before the court on defendants' motion to

dismiss.  Based upon a review of the file, record and proceedings

herein, and for the following reasons, the court grants defendants'

motion.



                            **BACKGROUND**

        This action challenges the constitutionality of a 2008

amendment to Minnesota Statutes § 41A.09.  The Minnesota

legislature enacted § 41A.09 in 1986 to establish the Ethanol

Development Fund ("Fund"), which gave eligible ethanol producers a fifteen-cent-per-gallon subsidy.  The Fund was later reclassified as an appropriation and the Minnesota Commissioner of Agriculture ("Commissioner") became responsible for making the subsidy payments.  The subsidy was increased to twenty cents per gallon in 1995.

Gopher State Ethanol ("Gopher") became an ethanol producer in 2000 and began receiving the subsidy.  In 2003, however, the state legislature appropriated only enough funds for the Commissioner to make subsidy payments of thirteen cents per gallon.  As a result, the Minnesota legislature amended § 41A.09 to provide for later payments to be made to subsidy-eligible ethanol producers as funds became available to make up the seven-cent-per-gallon deficiency ("deficiency payments").

Gopher ceased ethanol production on May 11, 2004, and filed for bankruptcy on August 11, 2004.  As a result of the bankruptcy proceedings, Gopher's eligibility for deficiency payments was ultimately transferred to plaintiff BHGDN, LLC ("BHGDN") on December 21, 2005.  The Commissioner acknowledged BHGDN's right to Gopher's deficiency payments on December 27, 2005,[1] and made payments accordingly.

---

[1] Plaintiff's complaint states that this occurred on December 27, 2006.  (Compl. ¶ 33.)  The reference to 2006, however, appears to be a typographical error.

The Minnesota legislature amended § 41A.09 in 2008 to prohibit the Commissioner from making deficiency payments "to an entity that no longer produces ethanol on a commercial scale at the location for which the entity qualified for producer payments, or to an assignee of the entity" ("2008 amendment"). Minn. Stat. § 41A.09, subdiv. 3a(h).  BHGDN stopped receiving deficiency payments soon thereafter.

On July 3, 2008, BHGDN brought this action against the State of Minnesota, Gene Hugoson ("Hugoson") - the Minnesota Commissioner of Agriculture - and Steve Ernest ("Ernest") - the Finance and Budget Director for the Minnesota Department of Agriculture.  BHGDN asserts claims against the State, and Hugoson and Ernest in their official capacities, seeking a declaration that the 2008 amendment violates the United States and Minnesota Constitutions, and an injunction requiring Hugoson and Ernest to make future deficiency payments to BHGDN.  BHGDN also asserts claims under 42 U.S.C. § 1983 against Hugoson and Ernest in their individual capacities. Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.

# DISCUSSION

## I.   Standard of Review

A court must dismiss an action over which it does not have subject matter jurisdiction.  See Thomas v. Basham, 931 F.2d 521, 522-23 (8th Cir. 1991).  A court will also dismiss an action for failure to state a claim if the allegations show on the face of the complaint that there is some insuperable bar to relief.  Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).  The factual allegations in the pleadings are accepted as true and viewed in the light most favorable to the nonmoving party.  Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008); see also Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("The nonmoving party receives the same protections [for facial attacks under Rule 12(b)(1)] as it would defending against a motion brought under Rule 12(b)(6).").

## II.  State and Official Capacity Claims

### A.   State Sovereign Immunity

Defendants argue that the doctrine of state sovereign immunity divests the court of subject matter jurisdiction over BHGDN's claims against the state and its officers in their official capacities.  That doctrine derives from the Eleventh Amendment and prohibits an individual from suing a state regardless of the relief sought unless a state consents to suit or immunity is abrogated by the United States Congress.  See U.S. Const. amend. XI; Klingler v.

4

Dep't of Revenue, 455 F.3d 888, 893 (8th Cir. 2006) (citing Hans v. Louisiana, 134 U.S. 1, 15 (1890)); see also In re SDDS, Inc., 97 F.3d 1030, 1035 (8th Cir. 1996) (sovereign immunity extends to suits against states for all forms of relief); Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995) (consent and congressional act exceptions).  A federal court must dismiss an action barred by the Eleventh Amendment for lack of subject matter jurisdiction.  See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 64-65 (1996); see also Fed. R. Civ. P. 12(h)(3).  In this case, the State has not consented to BHGDN's suit and no congressional act abrogates the State's sovereign immunity.  Therefore, the court lacks subject matter jurisdiction over BHGDN's claims against the State.

An individual, however, may sue a state official to obtain prospective relief provided "such officer has some connection with the enforcement of the act."  See Reprod. Health Serv. of Planned Parenthood of St. Louis Region, Inc. v. Nixon, 428 F.3d 1139, 1145 (8th Cir. 2005) (citing Ex Parte Young, 209 U.S. 123, 161 (1908)); Nix v. Norman, 879 F.2d 429, 432 (8th Cir. 1989) (state officials may be sued for declaratory and injunctive relief).  This exception to a state's sovereign immunity does not permit recovery of past damages.  See Heartland Acad. Cmty. Church v. Waddle, 427 F.3d 525, 530 (8th Cir. 2005) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102-03 (1984)).  Nevertheless, an award of

prospective relief that has an ancillary effect on a state's treasury is not prohibited. See Am. Re-Ins. Co. v. Janklow, 676 F.2d 1177, 1181 (8th Cir. 1982) (citing Quern v. Jordan, 440 U.S. 332, 337 (1979) (internal quotations omitted)).

BHGDN does not request past damages from the state officials for deficiency payments it has not received since the 2008 amendment. Rather, BHGDN seeks only a declaration that the 2008 amendment is unconstitutional and an injunction requiring that future discretionary payments be made in accordance with § 41A.09 before the amendment. Such relief is properly characterized as prospective and the court has subject matter jurisdiction over BHGDN's claims against Hugoson and Ernest in their official capacities. Accordingly, the court grants the State's motion to dismiss for lack of subject matter jurisdiction but denies the state officials' motion to the extent that BHGDN seeks prospective relief.

**B.   Constitutional Claims**

BHGDN seeks a declaration pursuant to 28 U.S.C. § 2201(a) that the 2008 amendment violates the federal and state constitutions. Specifically, BHGDN asserts that enforcement of the 2008 amendment violates its right to equal protection and substantive due process. BHGDN further maintains that enforcement of the amendment violates the United States Constitution's prohibition on impairment of contracts and the Supremacy Clause, and

the Minnesota Constitution's proscription of laws "embrac[ing] more than one subject."

### 1.   Equal Protection

BHGDN first argues that the state officials' enforcement of the 2008 amendment violates its equal protection rights because the amendment, though stated in neutral terms, effectively applies only to preclude BHGDN's receipt of deficiency payments.   The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."[2]   U.S. Const. amend. XIV, § 1.   Where a state action does not involve a suspect classification or a fundamental right, a plaintiff must prove that it was treated differently by the government than similarly situated entities and that the different treatment was not rationally related to a legitimate government objective.   See Koscielski v. City of Minneapolis, 435 F.3d 898, 901 (8th Cir. 2006) (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439-40 (1985)).   To demonstrate unequal treatment, a plaintiff must prove similarity to

---

[2]   The Minnesota Constitution's equal protection provision employs a stricter rational basis test than its federal counterpart.   See Ganley v. Minneapolis Park & Recreation Bd., 491 F.3d 743, 748 n.2 (8th Cir. 2007) (citing State v. Russell, 477 N.W.2d 886, 888-89 (Minn. 1991)).   Under the Minnesota Constitution, a rational basis cannot be hypothesized to justify a classification.   See Russell, 477 N.W.2d at 889.   Rather, a reasonable connection must exist between the actual effect of the challenged classification and the statutory goals.   Id.   This difference does not affect the outcome in this case.

other individuals or entities receiving favorable treatment. <u>Id.</u> (citing <u>Carter v. Arkansas</u>, 392 F.3d 965, 968-69 (8th Cir. 2004)).

BHGDN alleges that the 2008 amendment singled it out for treatment different from other companies that produced ethanol during the time that subsidies were not paid in full. BHGDN, however, is not similarly situated to such companies because the other companies apparently all continue to produce ethanol. Rather, BHGDN is similarly situated to companies that produced ethanol and were at one time eligible for deficiency payments but have since gone out of business. BHGDN does not allege that other such entities exist or are being treated differently. Therefore, BHGDN has not alleged treatment different from other similarly situated entities.

Moreover, assuming BHGDN could demonstrate discriminatory treatment, the 2008 amendment was rationally related to a legitimate government objective. The stated goal of the Fund was to increase the production of ethanol in Minnesota. <u>See</u> Minn. Stat. § 41A.09 subdiv. 1a. Thus, the State had a legitimate interest in ensuring that the deficiency payments supported ethanol production, and the State's decision not to make deficiency payments to businesses that no longer produced ethanol was rationally related to that interest. <u>See</u> <u>Koscielski</u>, 435 F.3d at 901 (law upheld "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification") (citing <u>FCC v. Beach Commc'ns, Inc.</u>,

508 U.S. 307, 313 (1993)); <u>Russell</u>, 477 N.W.2d at 889 (reasonable connection required between classification and statutory goal). Accordingly, BHGDN has not stated an equal protection claim under the United States or Minnesota Constitutions.

### 2.   Substantive Due Process

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law."[3]   U.S. Const. amend. XIV, § 1.   "The touchstone of due process is protection of the individual against arbitrary action of the government." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558 (1974).   To establish a substantive due process claim, a plaintiff must show (1) a deprivation of a protected property interest or the infringement of some other fundamental right, and (2) that the deprivation or infringement was truly irrational. <u>See</u> <u>Snaza v. City of Saint Paul</u>, 548 F.3d 1178, 1182 (8th Cir. 2008); <u>Executive Air Taxi Corp. v. City of Bismark</u>, 518 F.3d 562, 570 (8th Cir. 2008).   Protected property interests are created by state law, but federal constitutional law determines whether the interest created by state law rises to the level of a protected property interest. <u>See</u> <u>Dover Elevator Co. v. Ark. State Univ.</u>, 64 F.3d 442, 446 (8th Cir. 1995) (quotations and citations omitted).   A property

---

[3]   The substantive due process inquiries under the United States Constitution and Minnesota Constitution are identical. <u>See</u> <u>Ganley</u>, 481 F.3d at 749 n.3 (citing <u>McCollum v. State</u>, 640 N.W.2d 610, 617-18 (Minn. 2002)).

interest exists when a person has a legitimate claim of entitlement to the property. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972). An abstract or unilateral expectation of receiving property does not create an interest in that property. Id.

BHGDN argues that it had a protected interest in future deficiency payments and that the 2008 amendment deprived it of that interest. Absent an appropriation by the Minnesota legislature, however, BHGDN maintained no legal entitlement to the deficiency payments under Minnesota law. See U.S. Fire Ins. Co. v. Smith Barney, Harris Upham & Co., Inc., 724 F.2d 650, 651 (8th Cir. 1983) (Minnesota law prohibits state from incurring financial obligation without appropriation) (citing U.S. Fire Ins. Co. v. Minn. State Zoological Bd., 307 N.W.2d 490, 497 (Minn. 1981)); see also State v. Preus, 179 N.W. 725, 726 (Minn. 1920) ("The mere creation of the liability on the part of the state, or promise of the state to pay ... is of no force in the absence of an appropriation of funds from which the liability may be discharged."). Further, even if BHGDN could show that the state officials deprived it of a protected property interest by enforcing the 2008 amendment, as stated earlier, a rational basis - the goal of subsidizing ethanol production - justified such deprivation. Therefore, BHGDN has not alleged a violation of its right to substantive due process.

10

### 3.   Contract Impairment

The Contract Clause of the United States Constitution provides
that no state shall "pass any Law impairing the Obligation of
Contracts." U.S. Const. art. I, § 10, cl. 1.  A three-part test is
applied to determine whether state action violates the Contract
Clause.  See Am. Fed'n of State, County & Mun. Employees v. City of
Benton, 513 F.3d 874, 879 (8th Cir. 2008).  First, the court asks
whether "the state law has, in fact, operated as a substantial
impairment on pre-existing contractual relationships." Id. (quoting
Equip. Mfrs. Inst. v. Janklow, 300 F.3d 842, 850 (8th Cir. 2002)).
If substantial impairment exists, the court determines whether there
is a "significant and legitimate public purpose behind the
regulation."  Id. (quoting Educ. Employees Credit Union v. Mut.
Guar. Corp., 50 F.3d 1432, 1438 (8th Cir. 1995)).  If the state
identifies a public purpose, the court considers "whether the
adjustment of the rights and responsibilities of contracting parties
is based upon reasonable conditions and is of a character
appropriate to the public purpose justifying the legislation's
adoption."  Id. (quoting Energy Reserves Group, Inc. v. Kan. Power
& Light Co., 459 U.S. 400, 412 (1983)).

BHGDN maintains that it contracted with Gopher's creditors for
the right to receive deficiency payments appropriated by the
legislature through participation in the deficiency payment program.
BHGDN argues that the state officials' enforcement of the 2008

11

amendment substantially impaired those contracts. As noted earlier, however, the contracts only guaranteed payment upon appropriation of funds by the state legislature. See Smith Barney, Harris Upham & Co., Inc., 724 F.2d at 651 (citing Minn. State Zoological Bd., 307 N.W.2d at 497); see also Preus, 179 N.W. at 726. The Minnesota legislature's failure to appropriate such funds does not impair the contracts between BHGDN and Gopher's creditors. Therefore, enforcement of the 2008 amendment does not impair BHGDN's private contracts in violation of the Contract Clause.

### 4.   Supremacy Clause

BHGDN further contends that the state officials' enforcement of the 2008 amendment violates the Supremacy Clause by interfering with the United States Bankruptcy Court's plan distributing Gopher's assets. The Supremacy Clause requires that a state law "give way" when it "conflicts with or frustrates federal law." See U.S. Const. art. VI; Fletcher v. Burlington N. & Santa Fe Ry. Co., 474 F.3d 1121, 1125 (8th Cir. 2007) (citations omitted); see also In re Consumers Realty & Dev. Co., Inc., 238 B.R. 418, 426 (B.A.P. 8th Cir. 1999) (Minnesota statute preempted by Bankruptcy Court plan). BHGDN, however, never possessed a right to guaranteed deficiency payments. Rather, BHGDN possessed, and still possesses, the right to receive Gopher's deficiency payments if the Minnesota legislature

12

makes the necessary appropriation.  Therefore, the state officials'
enforcement of the 2008 amendment does not violate the Supremacy
Clause by conflicting with BHGDN's rights under federal law.

### 5.   Single Subject Requirement

Finally, BHGDN argues that the state officials' enforcement of
the 2008 amendment violates the Minnesota Constitution's single
subject requirement because the amendment was part of an act
containing multiple, dissimilar provisions.  As required by the
Minnesota Constitution, "[n]o law shall embrace more than one
subject, which shall be expressed in its title."  <u>See</u> Minn. Const.
art. IV, § 17.  This requirement is interpreted liberally and is not
intended to "prevent the legislature from embracing in one act all
matters properly connected with one general subject."  <u>Assoc.</u>
<u>Builders & Contractors v. Ventura</u>, 610 N.W.2d 293, 299 (Minn. 2000)
(citation omitted).  "All that is necessary is that ... all matters
treated [in the act] should fall under one general idea, so
connected with or related to each other, either logically or in
popular understanding, as to be ... germane to, one general
subject."  <u>Id.</u> at 300.  The common thread connecting the matters in
an act need only be a "mere filament" and violations of the single
subject requirement are "rarely found."  <u>See</u> <u>Masters v. Minn. Dept.</u>
<u>of Natural Res.</u>, 604 N.W.2d 134, 138 (Minn. Ct. App. 2000).

The 2008 amendment is found in Minnesota Laws 2008, chapter
297, which contains many parts related to the operation of state

government.  <u>See</u> 2008 Minn. Sess. Law Serv. ch. 297 (West). Diverse legislative matters relating to the broad subject of the operation of state government satisfy the "mere filament" rule.  <u>See</u> <u>Blanch v. Suburban Hennepin Reg'l Park Dist.</u>, 449 N.W.2d 150, 154-55 (Minn. 1989).  Therefore, the 2008 amendment was germane to the bill's subject matter and did not violate the single subject requirement.

## III.  Individual Capacity Claims

BHGDN asserts claims against Hugoson and Ernest in their individual capacities pursuant to 42 U.S.C. § 1983, arguing that their enforcement of the 2008 amendment violated its right to due process, equal protection and freedom from impairment of contract. Hugoson and Ernest maintain that they are entitled to qualified immunity.

Qualified immunity protects government agents who perform discretionary functions from civil liability, so long as the challenged actions are objectively reasonable in light of clearly established legal principles.  <u>See</u> <u>Anderson v. Creighton</u>, 483 U.S. 635, 638 (1987).  Government officials are entitled to qualified immunity if the plaintiff has not alleged a violation of clearly established federal law.  <u>See</u> <u>Pearson v. Callahan</u>, 172 L. Ed. 2d 565, 573 (2009).  As noted above, BHGDN has not shown that any constitutional violations occurred.  Therefore, Hugoson and Ernest are entitled to qualified immunity on BHGDN's § 1983 claims and the court grants their motion to dismiss.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the defendants' motion to dismiss [Doc. No. 5] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 24, 2009

<div style="margin-left:auto">

s/David S. Doty
David S. Doty, Judge
United States District Court

</div>

15